IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEFFERY NELSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 19-cv-3110 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Now before the Court is Petitioner Jeffery Nelson's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 3). In his Motion, he claims that his defense counsel was ineffective for recommending that he plead guilty without challenging the application of the 21 U.S.C. § 851 sentencing enhancement. For the reasons explained below, the Court finds Mr. Nelson is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel.

### I. BACKGROUND

On June 6, 2017, a grand jury in the District Court for the Central District of Illinois returned an indictment charging Mr.

Nelson with one-count of knowingly and intentionally distributing 28 grams or more of a mixture of substances containing a detectable amount of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).  See Indictment, United States v. Nelson, Case No. 17-cr-30033 (C.D. Ill.), d/e (hereinafter, "CR") 1. On October 3, 2017, the Government filed an Information pursuant to 21 U.S.C. § 851, stating that Mr. Nelson's prior conviction for manufacture/delivery of a controlled substance, in Sangamon County, Illinois Circuit Court, Case No. 2002-CF-115, qualified Mr. Nelson for a sentencing enhancement because it was a "felony drug offense."  See Information, CR.24.  Due to the Information, Mr. Nelson's statutory mandatory minimum sentence was enhanced from five to ten years' imprisonment, and his maximum sentence was enhanced from forty years' to life imprisonment.  See 21 U.S.C. § 841(b)(1)(B).

On October 24, 2017, Mr. Nelson pled guilty to the Indictment pursuant to a written plea agreement.  See Plea Agreement, CR.25; October 24, 2017 Minute Entry.  In the plea agreement, he expressly waived his right to collateral review, including his right to attack his conviction pursuant to 28 U.S.C. § 2255.  Plea

Agreement ¶¶ 19-20, CR.25.  However, the waiver "does not apply to a claim of ineffective assistance of counsel." Id.  Mr. Nelson also acknowledged and agreed "that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to the defendant's conviction and to the defendant's sentence so long as the sentence is within the maximum provided in the statutes of conviction, excepting only those claims which relate directly to the negotiation of this waiver itself." Id.  In exchange for pleading guilty, the Government agreed to recommend a sentence at the low-end of the applicable Sentencing Guideline range.  Id. ¶16.

The United States Probation Office prepared a revised Presentence Investigation Report.  PSR, CR.47.  The PSR calculated Mr. Nelson's total offense level as 21 and his criminal history category as VI.  PSR ¶¶29, 52.  Accordingly, his advisory Sentencing Guidelines range was 77 to 96 months' imprisonment.  PSR ¶98.  However, because of the ten-year statutory mandatory minimum sentence, his Sentencing Guidelines range became 120 months' imprisonment.  Id.  The PSR also provided further detail regarding Mr. Nelson's 2002 offense for manufacture/delivery of a controlled

substance, in Sangamon County, Illinois Circuit Court, Case No. 2002-CF-115, and indicated he was charged with intent to deliver more than 1 gram but less than 15 grams of a substance containing cocaine. PSR ¶38.

On April 9, 2018, the Court sentenced Mr. Nelson to 120 months' imprisonment, followed by an eight-year term of supervised release. See Judgment, CR.56. Mr. Nelson did not appeal.

On April 25, 2019, Mr. Nelson filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 3).[1] Nelson argues that he should not have been subject to the § 851 enhancement because his predicate offense does not qualify as a "felony drug offense."[2] He argues that his defense counsel violated his Sixth Amendment right to effective

---

[1] An additional Motion to Vacate, Set Aside, or Correct Sentence (d/e 1) was also filed on April 25, 2019. However, after Mr. Nelson filed a "Motion to Strike Unauthorized 28 U.S.C. § 2255 Motion Filed on Nelson's Behalf Without His Consent, Permission, and Without Nelson's Signature," the Court struck the motion and ordered briefing on the instant § 2255 Motion (d/e 3). See December 2, 2020 Text Order.

[2] Mr. Nelson's Motion states his predicate conviction should not have been deemed a "serious drug offense." Under the current version of 21 U.S.C. § 841(b)(1)(B) a "serious drug offense" is needed to trigger the § 851 enhancement. However, at the time of Mr. Nelson's sentencing, only a "felony drug offense" was needed.

assistance of counsel by advising Mr. Nelson to plead guilty without challenging the enhancement. The Government filed its response (d/e 20) on February 26, 2021, arguing that Mr. Nelson's challenge is barred by his plea agreement, and that his claims of ineffective assistance of counsel should be denied because his counsel's performance was not deficient. Mr. Nelson filed a reply (d/e 23) on April 6, 2021.

## II. LEGAL STANDARD

Section 2255, "the federal prisoner's substitute for habeas corpus," Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to request that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete

miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994). "[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such claims usually. . . involve evidence outside the

record." Galbraith v. United States, 313 F.3d 1001, 1007 (7th Cir. 2002).

### III. DISCUSSION

**A. Mr. Nelson's Claim is Not Barred By the Collateral Attack Waiver in His Plea Agreement.**

When Mr. Nelson pled guilty, he received concessions from Government, including the Government's agreement that they would recommend a sentence at the low end of the Sentencing Guidelines. As part of the exchange for these concessions, Mr. Nelson waived the right to collaterally attack his sentence. Because the right to collaterally attack a conviction or sentence is a statutory creation, it "can be waived." United States v. Wilkozek, 822 F.3d 364, 367 (7th Cir. 2016). Moreover, "[i]t is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." Hurlow v. United States, 726 F.3d 958, 964 (7th Cir. 2013); see Oliver v. United States, 951 F.3d 841, 846 (7th Cir. 2020) ("Finality matters in plea agreements, especially when the parties have negotiated for it expressly.").

In his § 2255 Motion and in his reply, however, Mr. Nelson does not appear to be pursuing a stand-alone claim that the

application of the § 851 sentencing enhancement was erroneous. Rather, Mr. Nelson's claim is founded on his Sixth Amendment right to counsel. Such a claim was expressly excluded from the collateral attack wavier. See Plea Agreement ¶¶ 19-20, CR. 25. Accordingly, the Court finds that Mr. Nelson's claim of ineffective assistance of counsel is not barred by the collateral attack waiver in his plea agreement.

**B. Mr. Nelson is Entitled to An Evidentiary Hearing on His Claim of Ineffective Assistance of Counsel.**

Mr. Nelson claims defense counsel was ineffective in negotiating his plea agreement and in advising him to plead guilty because counsel should have challenged the application of the § 851 enhancement. The Sixth Amendment guarantees criminal defendants effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684-86 (1984). Under Strickland's familiar two-part test, Mr. Nelson must show both that his attorney's performance was deficient and that he was prejudiced as a result. Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance." Strickland, 466 U.S. at 690. A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The Sixth Amendment right to counsel applies during plea negotiations. Bridges v. United States, 991 F.3d 793, 803 (7th Cir. 2021). "In the plea bargaining context, a reasonably competent lawyer must attempt to learn all of the relevant facts of the case, make an estimate of the likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty." Brock-Miller v. United States, 887 F.3d 298, 308 (7th Cir. 2018) (internal citations omitted).

1. Mr. Nelson has Demonstrated Prejudice.

The Court finds that Nelson has shown prejudice, and the Government has not argued otherwise. Mr. Nelson argues that his defense counsel should have argued that his predicate Illinois conviction was not a "felony drug offense," and that, therefore, he was not subject to the § 851 enhancement. The term "felony drug offense" is defined at 21 U.S.C. § 802(44) as "an offense that is

punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Id. Relevant to Mr. Nelson's claim, "narcotic drug," defined in 21 U.S.C. § 802(17), while including "cocaine, its salts, optical and geometric isomers, and salts of isomers," does not include positional isomers of cocaine.

The categorical approach is used to determine a state law drug conviction is a "felony drug offense." United States v. Elder, 900 F.3d 491, 501 (7th Cir. 2018). See also, Shular v. United States, 140 S. Ct. 779 (2020). "The categorical approach disregards the facts underlying a prior conviction, focusing instead on the statutory definition of the offense." United States v. Edwards, 836 F.3d 831, 834–35 (7th Cir. 2016). Courts must compare the elements of the state statute to the conduct proscribed by the federal definition. United States v. Franklin, 895 F.3d 954, 958 (7th Cir. 2018). If the statutory definition is the same as or narrower than the federal definition, the offense can be treated as a predicate offense. See Edwards, 836 F.3d at 835. "If state law defines the

offense more broadly than the federal definition, the prior conviction doesn't qualify as a [predicate offense]," regardless of the defendant's actual conduct. Id. at 833.

Here, Mr. Nelson argues his state conviction was overbroad because the element of "cocaine" as defined under Illinois law included positional isomers of cocaine, which is broader than the federal definition. Mr. Nelson's 2002 Illinois conviction was for intent to deliver more than 1 gram but less than 15 grams of a substance containing cocaine. While the parties do not specify the statute of conviction, this conviction appears to fall under 720 ILCS 570/401(c)(2) (criminalizing possession with intent to deliver "1 gram or more but less than 15 grams of any substance containing cocaine, or an analog thereof."). In United States v. Ruth, 966 F.3d 642, 650 (7th Cir. 2020), the Seventh Circuit held that the "cocaine" element for a conviction under 720 ILCS 570/401(c)(2) was overbroad for the very reasons Mr. Nelson advanced here: Illinois' definition of cocaine includes positional isomers, whereas positional isomers were not included in the definition of cocaine under the Federal Controlled Substances Act, 21 U.S.C. § 802. Id. at 648. Accordingly, had Mr. Nelson's defense counsel challenged the

application of the § 851 enhancement, he ultimately would have been successful. At sentencing, without the enhancement, Mr. Nelson would have only faced a mandatory minimum sentence of five years imprisonment. Further, Mr. Nelson's Sentencing Guidelines range without application of the § 851 enhancement was only 77 to 96 months' imprisonment. PSR ¶98.

The Seventh Circuit has found similar circumstances sufficient to show prejudice. See Bridges v. United States, 991 F.3d 793, 803 (7th Cir. 2021) ("In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." (citing Molina-Martinez v. United States, 136 S. Ct. 1338, 1346 (2016)); Brock-Miller v. United States, 887 F.3d 298, 312 (7th Cir. 2018) (finding prejudice possible where petitioner alleged she "would have gone to trial or negotiated a more favorable plea agreement"). Accordingly, the Court finds that Mr. Nelson has shown that he was prejudiced by counsel's advice to plead guilty pursuant to the plea agreement without raising this challenge to the § 851 enhancement.

## 2. An Evidentiary Hearing is Necessary to Determine Whether Defense Counsel's Conduct was Constitutionally Deficient.

The Government argues that Mr. Nelson's claim must be dismissed because he cannot demonstrate that defense counsel's conduct was deficient. The Government argued that counsel is generally not considered ineffective for failing to predict changes in the law. Resp. at 15 (d/e 20). However, shortly after the Government filed its response, the Seventh Circuit made clear that, "[i]n some circumstances, defense counsel may be required to anticipate arguments foreshadowed but not yet adopted by existing case law." Bridges v. United States, 991 F.3d 793, 803 (7th Cir. 2021). In Bridges, a § 2255 petitioner argued that defense counsel was ineffective for failing to argue that his convictions for Hobbs Act robbery were not convictions of "crimes of violence," and, therefore, should not have been used to enhance his sentence under the career offender Sentencing Guideline. Id. at 799. The district court had denied the motion and declined to hold an evidentiary hearing. Id. The Seventh Circuit held that petitioner's underlying argument was correct and his Hobbs Act robbery convictions did not qualify as "crimes of violence." Id. at 802. The Seventh Circuit next found

that "the district court's decision not to hold a hearing was an abuse of discretion because it rested on the erroneous legal conclusion that counsel's failure to anticipate this career offender argument could not constitute ineffective assistance of counsel in the absence of controlling circuit precedent." Id. at 807. The Seventh Circuit noted that the Tenth Circuit had already reached the issue prior to the petitioner's guilty plea and "[w]ith modern methods of legal research, it would not have taken long in 2018 for counsel to have found the Tenth Circuit decision holding that Hobbs Act robbery is not a crime of violence under the 2016 guideline amendment." Id. at 805. However, the Seventh Circuit made clear that counsel's conduct was not necessarily deficient: "[i]t is possible that defense counsel had a reasonable sentencing strategy that deserves deference." Id. at 807. The case was remanded to the district court for an evidentiary hearing. Id.

Like Bridges, the timeline of this case and the development of the case law supporting Mr. Nelson's argument does not foreclose the possibility that defense counsel's failure to challenge the § 851 enhancement was deficient conduct. Mr. Nelson pled guilty on October 24, 2017, and was sentenced on April 9, 2018. The

Seventh Circuit did not decide Ruth until July 20, 2020. However, *pro se* petitioners in post-conviction proceedings had quickly realized the broad implications of Mathis v. United States, 136 S.Ct. 2243 (2016), as well as the Fifth Circuit's decision in United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), which had applied Mathis and found that a Texas drug statute was overbroad and did not qualify as a "controlled substance offense" under the Sentencing Guidelines. Relying on these cases, *pro se* petitioners began arguing 720 ILCS 570/401(c)(2) was overbroad for purposes of the § 851 enhancement in this district court and other district courts in this circuit prior to Mr. Nelson's guilty plea. See, *e.g.,* Oliea v. Kallis, No. 17-cv-3007, 2019 WL 3604580, at *1 (C.D. Ill. Aug. 6, 2019) (finding petitioner's petition moot that had raised argument in January 2017); Caffie v. Krueger, 2:17-cv-00487-WTL, Slip. Op. (S.D. Ind. Jan. 25, 2019) (granting petitioner relief in a petition that had raised argument on October 20, 2017).

Prior to Mr. Nelson's sentencing hearing the Ninth Circuit had also heard oral arguments on February 15, 2018, regarding a similar isomer argument under the categorical approach relating to immigration law. See Lorenzo v. Sessions, 902 F.3d 930 (9th Cir.

2018), opinion withdrawn on denial of reh'g sub nom. Lorenzo v. Whitaker, 913 F.3d 930 (9th Cir. 2019), and opinion superseded on denial of reh'g sub nom. Lorenzo v. Whitaker, 752 F. App'x 482 (9th Cir. 2019). Moreover, arguments regarding the overbreadth of state drug statutes were being made with regards to other state statutes in this same time period. See, e.g., Elder, 900 F.3d at 501 (holding on August 15, 2018 that an Arizona drug statute was overbroad because the statute criminalized drugs not included in the federal definition).

Given the draconian impact of the § 851 enhancement, reasonably competent counsel would have explored arguments that the enhancement did not apply. And, in light of this timeline, it is possible that counsel should have considered the isomer argument that was ultimately successful in Ruth. Since the record and motion do not "conclusively show that [Mr. Nelson] is entitled to no relief," 28 U.S.C. § 2255(b), the Court finds that Mr. Nelson is entitled to an evidentiary hearing.

## IV. CONCLUSION

For the reasons stated above, the Court will hold an evidentiary hearing pursuant to 28 U.S.C. § 2255(b) regarding

Petitioner Jeffery Nelson's claim of ineffective assistance of counsel. This case is set for an evidentiary hearing to be conducted by videoconferencing on **October 22, 2021, at 2:30 p.m.**, before Judge Sue E. Myerscough, Courtroom 1, Springfield, Illinois. Instructions for the videoconference are attached.

Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Court, the Court will appoint counsel to represent Mr. Nelson at his hearing.

**ENTER: July 1, 2021**

 **/s/ Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**